UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITIBANK, N.A.,<br><br>　　　　　Defendant. | No. 2:13-cv-1238 LKK AC  PS<br><br>FINDINGS AND RECOMMENDATIONS |

On August 28, 2013, the court held a hearing on defendant's amended motion to dismiss. Plaintiff appeared in pro per. Alexandria R. Kachadoorian appeared for defendant Citibank, N.A. ("Citibank"). On review of the motion, the briefs filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.　Alleged Facts Underlying Litigation

At the time plaintiff filed suit, he was the holder of a Home Depot-branded consumer credit card issued by defendant. Compl., ECF No. 1−1; see also Def.'s Am. Mot. Dismiss, 1, ECF No. 6.

On October 20, 2012, plaintiff attempted to make a payment of $25 with a check at a Home Depot store. Compl., ECF No. 1-1 at 5-6. Either because the check amount exceeded the minimum payment amount due ($20) or because of an alleged "computer glitch," the Home

1

1   Depot was not able to process the payment.  Id.  The next day, plaintiff contacted defendant to

2   make the payment and was informed that a late fee would be charged because his payment was

3   one day late.  Id. at 6.  When plaintiff spoke to a supervisor, he was assured that no late fee would

4   be charged.  Id.  Plaintiff then made a payment over the phone.  Id.

5   When plaintiff received the next monthly statement for his Home Depot credit card, he

6   noticed that, although it did not include a late fee, the minimum payment amount was increased

7   due to late payment.  Compl., ECF No. 1−1 at 6.  Plaintiff refused to pay the increased monthly

8   amount and continued timely monthly payments in the amount of one percent of his loan, which

9   he believes was the contracted monthly minimum payment.  Id.  Plaintiff has since incurred

10  additional late charges.  Id.

11  Ever since, plaintiff has received several phone calls a day from defendant demanding that

12  plaintiff make his outstanding payments.  Compl., ECF No. 1−1 at 6.  The calls have continued

13  even after plaintiff requested that defendant stop calling and that it make its demands in writing.

14  Id.  This billing dispute has not been resolved and plaintiff never received any written

15  communication from defendant about the disputed debt.  Id.

16  B.      Procedural Background

17  On March 29, 2013, plaintiff initiated a lawsuit in Sacramento County Superior Court,

18  Prakash Narayan v. Citi Bank DBA Citi Client First,[1]  Case No. 34-2013-00142552.  Compl.,

19  ECF No. 1−1.  The complaint alleges violation of the Song-Beverly Act of 1971, willful failure to

20  correct billing error, harassment, and violation of federal "do-not-call list."  Id.  The case was

21  filed as a limited civil case with the amount demanded of $25,000 or less.  Id.  However, the

22  complaint includes a request for judgment of $500,000.  Id.

23  On June 21, 2013, within thirty days of being served, defendant filed a notice of removal

24  in this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.  Def.'s Notice of Removal, ECF

25  No. 1.  Defendant claims this court has federal question jurisdiction because the claim asserted in

26  this action was created and arises under federal law, the Telephone Consumer Protection Act, 47

27

28  [1] Defendant Citibank, N.A. notes that it was erroneously sued as "Citi Bank dba Citi Client First." Def.'s Am. Mot. Dismiss, 1, ECF No. 6.

2

1   U.S.C. § 227(c). Def.'s Notice of Removal, ECF No. 1. Supplemental jurisdiction exists over
2   any other claims in this action pursuant to 28 U.S.C. §§ 1367, 1441(c). Id. Defendant also states
3   that diversity jurisdiction exists because it is a civil action between citizens of different states,
4   where plaintiff is a citizen of California and defendant, a national banking association located in
5   Sioux Falls, South Dakota, is a citizen of South Dakota. Id. The amount of controversy exceeds
6   the required $75,000 because plaintiff seeks judgment against defendant in the amount of
7   $500,000. Id.

8   On June 27, 2013, defendant filed a motion to dismiss, followed by the instant amended
9   motion to dismiss on June 28, 2013. On July 26, 2013, plaintiff filed an opposition. On August
10  21, 2013, defendant filed a reply in support of motion to dismiss.

11                                          LEGAL STANDARDS

12  The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure
13  12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n,
14  720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal
15  theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v.
16  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The plaintiff must allege "enough facts
17  to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly,
18  550 U.S. 544, 555 (2007). In deciding a 12(b)(6) motion to dismiss, the court accepts the
19  allegations in the complaint as true, and it construes the allegations in the light most favorable to
20  the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915
21  F.2d 1242, 1245 (9th Cir. 1989).

22                                              DISCUSSION

23  Defendant moves to dismiss plaintiff's complaint for failure to state a claim pursuant to
24  Federal Rule of Civil Procedure 12(b)(6). Defendant argues that plaintiff failed to meet the
25  minimum pleading requirements because he did not cite any specific provisions of any statute or
26  law and that "there are no allegations tying the facts in the complaint to any specific statutory
27  provision." Def.'s Am. Mot. Dismiss, 1, ECF No. 6. In his opposition, plaintiff argues that his
28  complaint provided sufficient facts that defendant violated the Song-Beverly Credit Card Act,

federal collection laws, and the federal law on "Do Not Call List," but he also asks for leave to amend his complaint. Pl.'s Opp'n Am. Mot. Dismiss, ECF No. 8.

A.  The Song-Beverly Credit Card Act

Plaintiff alleges first that defendant violated California's Song-Beverly Credit Card Act of 1971 (the "SBCCA"), California Civil Code § 1747, et seq., by failing to correct a "billing error." Def.'s Notice of Removal, Ex. A.

Generally, the SBCCA is "designed to promote consumer protection." Florez v. Linens 'N Things, Inc., 108 Cal. App. 4th 447, 450 (2003). Section 1747.50 of the Act imposes a duty on credit card issuers to correct billing errors made by the card issuer within two complete billing cycles, but in no event later than 90 days, after receiving an inquiry. Cal. Civ. Code § 1747.50.

A "billing error" is defined as "an error by omission or commission in (1) posting any debit or credit, or (2) in computation or similar error of an accounting nature contained in a statement given to the cardholder by the card issuer." Cal. Civ. Code § 1747.02(j)

An "inquiry" is defined as "a writing that is posted by mail to the address of the card issuer . . . and that is received by the card issuer no later than 60 days after the card issuer transmitted the first periodic statement that reflects the alleged billing error." Cal. Civ. Code § 1747.02(g). Such inquiry must (1) sufficiently identify the cardholder and the account, (2) sufficiently identify the billing error, and (3) provide the basis for the cardholder's belief that the billing error exists. Id.

A cardholder who is injured as a result of the willful violations of this provision may collect damages, which may be three times the amount of actual damages. Cal. Civ. Code § 1747.50. In addition, the cardholder is entitled to reasonable attorney's fees and costs incurred in the action. Id.  In Young v. Bank of America, the California court of appeal held that the conduct of a credit card issuer who "persistently refused to adjust or correct [the credit cardholder's] statement within the statutory time limit and continued to demand payment despite being repeatedly informed that [cardholder] cancelled her credit card and legitimately disputed the charges, . . . declined to even acknowledge that a dispute existed was a willful violation" of the Credit Card Act. 141 Cal. App. 3d 108, 115 (1983).

1    Here, defendant argues that plaintiff did not provide any facts that would show a "billing
2    error" or that plaintiff made an "inquiry" regarding the alleged error on the statement as required
3    by the SBCCA. Id. In opposition, plaintiff argues that defendant did not correct a billing error
4    even after he told them about the mistake. But neither in his complaint nor in his opposition to
5    defendant's motion to dismiss does plaintiff provide any facts that would demonstrate that he sent
6    a written inquiry regarding his disputed billing error to defendant as required by SBCCA.

7    For these reasons, the court agrees with defendant that plaintiff's allegations fail to state a
8    claim under the Song-Beverly Act. Accordingly, this claim must be dismissed. However, district
9    courts are required to grant leave to amend if a complaint can possibly be saved. See Smith v.
10   Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004) (citing Doe v.
11   United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even
12   if no request to amend the pleading was made, unless it determines that the pleading could not be
13   cured by the allegation of other facts.")). Therefore, leave to amend should be granted to allow
14   plaintiff an opportunity to state additional facts and to clarify whether defendant was put on
15   notice of the alleged billing error a required by the SBCCA.[2]

B.    The Telephone Consumer Protection Act

17   Plaintiff also alleges that defendant violated the federal "do not call list" when it
18   attempted to collect the debt, by making numerous calls to plaintiff's phone number. Although a
19   statutory basis is not specified, the claim appears to arise under the Telephone Consumer
20   Protection Act of 1991, 47 U.S.C. § 227 (the "TCPA"). Defendant argues that the complaint fails
21   to plead any facts that would support a claim under this Act, or to identify any conduct by
22   defendant that violates the TCPA. Def.'s Am. Mot. Dismiss ECF No. 6.

23   Section 227(c) directs the Federal Communications Commission (FCC) to formulate
24   regulations to protect telephone subscribers' privacy rights, 47 U.S.C. § 227(c)(2), and authorizes

---

[2] In his opposition, plaintiff claims that he is asserting a claim under "federal collection law." Opp'n at 4. Plaintiff may be referring to the Fair Debt Collection Practices Act. See 15 U.S.C. §§ 1692–1692(p). There is also a California corollary called the Rosenthal Fair Debt Collection Practices Act. Cal. Civ. Code §§ 1788–1788.33. If plaintiff intends to state a claim under either of these statutes, he must do so explicitly and identify the particular provision(s) he believes defendant violated.

the establishment of a national database to compile the numbers of telephone subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(2−3). The regulations promulgated under section 227(c) prohibit the initiation of any telephone solicitation to a telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

The FCC defines a "telephone solicitation" as a "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(14). The FCC has explicitly stated that debt collection calls will be "covered by exemptions . . . for commercial calls which do not transmit an unsolicited advertisement" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 F.C.C.R. 8752, 8772, ¶ 39 (1992). In 2008, the FCC again confirmed that "calls solely for the purpose of debt collection are not telephone solicitations . . .' and 'calls regarding debt collection . . . are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" See Meadows v. Franklin Collection Serv., Inc., 414 Fed. App'x 230, 236 (11th Cir. 2011) (citing In Re Rules and Regulations Implementing the TCPA of 1991, 23 F.C.C.R. 559, 565, ¶ 11 (Jan. 4, 2008)).

Plaintiff does not allege that defendant was calling him to sell any goods or services. Instead, plaintiff alleges that defendant was calling "in an effort to recover the debt he owes to Citibank." Id. The alleged conduct does not violate the statute or its implementing regulations. Plaintiff's putative claim under the TCPA fails because calls regarding debt collection are not telephone solicitations as defined by the Act, and are therefore not subject to TCPA's restrictions. Id. Accordingly, this claim should be dismissed with prejudice.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's amended motion to dismiss (ECF No. 6) be granted;
2. Plaintiff's TCPA claim be dismissed with prejudice;
3. Plaintiff's complaint be dismissed; and
4. Plaintiff be granted leave to file an amended complaint within thirty days from the date of this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 4, 2013

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb_ew;nara1238.mtd